## Case No. 18,204.

### ZAREGA'S CASE.

[1 N. Y. Leg. Obs. 40, note; 4 Law Rep. 480.]

District Court, S. D. New York.   Feb., 1842.

BANKRUPTCY—DISCHARGE—FOREIGN CREDITORS.

[The discharge of a bankrupt in this country bars actions brought against him here by foreign creditors, though it might not be recognized as a bar against foreign creditors in courts of their own country.]

In the case of Augustus Zarega, heard before the United States district court of New York, one of the questions submitted to the court for its decision was whether the certificate of the bankrupt, under the laws of this country, would discharge him from the debts of those creditors who reside abroad? It appeared that several of the petitioner's creditors resided in Antwerp, and some in Rio Janeiro, and it was submitted by the counsel for the creditors that, if the petitioner obtained his certificate, it would be inoperative as to those creditors whose debts were not contracted in this country.

Mr. Joachimssen, for opposing creditor.

J. H. Patten, for petitioner.

BETTS, District Judge. The question is whether the discharge of a bankrupt, under the law of this country, would operate as a bar to the demands of foreign creditors, it being asserted that the United States have no power to destroy a contract entered into without their jurisdiction, and the contract is to be left to the jurisdiction of that country wherein it originated. It is not important, in disposing of this question, to enter into a discussion of the essence of contracts, or their obligations, nor to inquire into the effect of a discharge in this country under the bankrupt law, if set up in a foreign country as a bar to the claims of creditors. In England, as well as in France and Holland, and perhaps throughout Europe generally, the discharge of a bankrupt under the laws of either country operates in all other places whatsoever. So a person having been decreed a bankrupt in France may avail himself of the privileges it confers on him in any part of England, and plead it with the same effect as in his own country. So in England, where they set up that claim in behalf of their own bankrupts in foreign countries, they allow the same privilege to others. But in this country we do not recognize such a doctrine. A discharge as a bankrupt in a foreign country is not deemed here a bar to any action that may be brought. The discharge is considered as local, and, although an assignee of an individual declared a bankrupt in a foreign country would be allowed to sue as such assignee, yet our courts would not recognize the discharge as a bar to debts contracted in this country, or due to citizens of this country. Here the law operates as a bar to any action brought in any of our courts.

It is objected that congress is not competent to pass a law which should destroy debts contracted abroad. The discharge operates as a bar to any suit brought in our courts, and, while the act extinguishes the debt, it declares in the same section that it may be pleaded in bar of any action brought in any court within our judicature.

Taking the questions on the broad ground that the law is not competent to discharge debts contracted abroad, I see no ground for the argument urged. If the petitioner had come here with the intention of availing himself of this law to extinguish debts contracted in another country, that might defeat the proceedings. But if he resides here, and the debts were contracted abroad, I see nothing that should exempt him from the full effects of a discharge given to a bankrupt. Nor is it important to consider how far the discharge here might avail him if set up abroad. His creditors abroad might perhaps proceed against him there, if he should come among them; we have nothing to do with that. The comity of nations recognizes the unity of the bankrupt law. Although this is applicable, as a general rule,

in other countries, we do not recognize it as exonerating the person of a foreign bankrupt from arrest, or his property from seizure. Under these views, I see no ground for interrupting the proceedings. The law operates as a bar to all creditors here, and may be pleaded as a bar to any suit brought against him here.